IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICHOLAS D. ABALOS, et al.

                         Plaintiff,                 Case No. 3:11 CV 122

        -vs-

                                              MEMORANDUM OPINION

JEREMY C. CAREY, et al.,

                         Defendant.

KATZ, J.

This suit is brought pursuant to 42 U.S.C. § 1983 against the Lucas County Sheriff's Department, the City of Toledo, Washington Township, Lucas County as well as several individual officers.  The gravamen of the claims arise out of an incident occurring on January 25, 2011, between Plaintiffs and local law enforcement.

Defendant Lucas County moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting it is not a legal entity and, therefore, not a proper defendant to this action.  Also before the Court are Plaintiffs' response and Defendant's opposition thereto.

**MOTION FOR JUDGEMENT ON THE PLEADINGS**

*A.  Applicable Legal Standard*

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to rule 12(c).  *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true.  *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).   The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007).   "A plaintiff falls short if [they] plead[]

facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50) *cert denied*, 131 S.Ct. 1047 (2011).

*B. Discussion*

Defendant Lucas County seeks dismissal on the basis it is not a legal entity subject being sued.  In support of this contention, Lucas County relies on the argument "that a county is not regarded as a body corporate, like a municipality, and cannot sue or be sued."  (Doc. No. 56 at p. 4.)  Moreover, it claims that "Lucas County, becomes a 'body politic and corporate' capable of suing and being sued **only** if the county has adopted a charter or an alternative form of government" *citing* Ohio Rev. Code § 301.22.  (*Id*.)  (Emphasis in original.)

Identical arguments offered by Lucas County were addressed by this Court most recently in *Turner v. City of Toledo*, 671 F.Supp.2d 967 (N.D. Ohio 2009).  There, Lucas County was deemed to be subject to suit as this Court determined that "under *Felder[v. Casey*, 487 U.S. 131 (1988)], Ohio law is pre-empted insofar as it would impose any barrier to bringing an otherwise-valid § 1983 action, and there is thus no Rule 17(b) problem with Lucas County's status as a party to this case."  *Id*. at 972.  Other district courts faced with this issue have come to the same conclusion and determined that Ohio counties are amenable to suit in the context of a § 1983 action.  *See Stack v. Karnes*, 750 F.Supp.2d 892, 894-900 (S.D. Ohio 2010); *Peart v. Seneca County*, __F.Supp.2d__, 2011 WL 4000828 *3 (N.D. Ohio Aug. 18, 2011).  While persistent in its position, the County's motion is without merit.

**CONCLUSION**

2

For the reasons stated above, Defendant Lucas County's motion for judgment on the pleadings (Doc. No. 56) is denied.

IT IS SO ORDERED.

                                            S/ *David A. Katz*
                                         DAVID A. KATZ
                                         U. S. DISTRICT JUDGE